

**U.S. Department of Justice**

Environment and Natural Resources Division

90-5-2-1-06965

*Environmental Enforcement Section*
*P.O. Box 7611*
*Ben Franklin Station*
*Washington, DC 20044-7611*

*Express Mailing Address:*
*1425 New York Avenue, NW*
*Room 13073*
*Washington, DC 20005*

*Telephone (202) 514-3908*
*Facsimile (202) 616-2427*
*Email: jeffrey.sands@usdoj.gov*

June 8, 2005

## VIA ELECTRONIC AND EXPRESS MAIL

Bill Ward
Potts Welding and Boiler Repair
1901 Ogletown Road
Newark, Delaware 19711

      Re:    United States, et al. v. Cinergy Corporation, et al. (S.D. IN Civ Action No. IP99-1693 C-M/S)

Dear Mr. Ward:

      Per your discussion with Patrick Mosley, thank you for agreeing to accept service of this subpoena via US Mail. Enclosed is a copy of the subpoena (see Attachment A for a description of the documents requested). If you have any questions or concerns please feel free to call me at (202) 514-3908.

Sincerely,

Jeffrey K. Sands
Trial Attorney
Environmental Enforcement Section

Enclosures

cc:    All counsel of record (via electronic mail)

AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

DISTRICT OF — DELAWARE

United States of America, et al., Plaintiffs

V.

Cinergy Corporation, et al., Defendants

## SUBPOENA IN A CIVIL CASE

Case Number:[1]  IP99-1693 C-M/S (S.D. IN)

TO:  Potts Welding and Boiler Repair

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

--see Attachment A

| PLACE | United States Attorney, Nemous Building, P.O. Box 2046, Wilmington, Delaware 19899-2046 | DATE AND TIME 7/5/2005 12:00 pm |
|---|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Jeffrey K. S___* Trial Attorney (Plaintiff) | 6/8/2005 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Jeffery Sands, Department of Justice, Environmental Enforcement Section, P.O. Box 7611, Ben Franklin Station, Washington, DC 20044-7611, (202) 514-3908

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 1/94) Subpoena in a Civil Case

<table>
<tr><td colspan="3" align="center">PROOF OF SERVICE</td></tr>
<tr><td></td><td>DATE</td><td>PLACE</td></tr>
<tr><td>SERVED</td><td>6/8/2005</td><td>Potts Welding and Boiler Repair, 1901 Ogletown Road, Newark, Delaware 19711</td></tr>
<tr><td colspan="2">SERVED ON (PRINT NAME)<br>Bill Ward, 1901 Ogletown Road, Newark, Delaware 19711</td><td>MANNER OF SERVICE<br>US Mail</td></tr>
<tr><td colspan="2">SERVED BY (PRINT NAME)<br>Jeffery Sands</td><td>TITLE<br>Trial Attorney</td></tr>
</table>

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____6/8/2005_____
DATE

SIGNATURE OF SERVER

Department of Justice, Environ. Enforcement Section,
ADDRESS OF SERVER

P.O. Box 7611, Washington, DC 20044-7611

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the mmmdemanding party to contest the claim.

## ATTACHMENT A

Pursuant to Rules 34(c) and 45 of the Federal Rules of Civil Procedure, Potts Welding and Boiler Repair is hereby requested to produce the documents identified below for inspection and copying by July 5, 2005, at the offices of the United States Attorney for the District of Delaware, Nemours Building, P.O. Box 2046, Wilmington, Delaware 19899-2046

### INSTRUCTIONS

1.    Scope of Subpoena: This subpoena is directed to Potts Welding and Boiler Repair and covers all documents in its possession, custody or control, including any documents in the possession of its officers, employees, agents, servants, representatives, attorneys, other persons directly or indirectly employed or retained by it, anyone else acting on its behalf or otherwise subject to its control, and any merged, consolidated, or acquired predecessor or successor, parent, subsidiary, division, or affiliate.

2.    Identification of Documents in Response: Documents produced in response to each request for production shall be produced as they are kept in the usual course of business or shall be organized and labeled to correspond with the specific requests.

3.    Deletions from Documents: If anything is deleted from a document produced in response to this subpoena, state the reason for deletion, and the subject matter of the deletion.

4.    Privilege As Applied to Requests for Document Production: If any documents are within the scope of any request for production, but are not being produced pursuant to any claim of privilege, work product, confidentiality or otherwise, identify such documents in a log containing the following information:

      a.    document control number, if any;

      b.    date;

c.      type of document;

d.      subject matter of the contents;

e.      author(s);

f.      addressee(s);

g.      recipient(s);

h.      nature of the privilege claimed; and

i.      the person on whose behalf the privilege is asserted.

## DEFINITIONS

1.      "Cinergy Plants" means, collectively: the Cayuga electricity generating station in

Cayuga, Vermillion County, Indiana (the "Cayuga Plant"); the Beckjord electricity generating

station in New Richmond, Clermont County, Ohio (the "Beckjord Plant"); the Gallagher

electricity generating station in New Albany, Floyd County, Indiana (the "Gallagher Plant"); the

Wabash River electricity generating station in West Terra Haute, Vigo County, Indiana (the

"Wabash River Plant"); the Gibson electric generating station in East Mount Carmel, Gibson

County, Indiana (the "Gibson Plant"); and the Miami Fort electricity generating station in North

Bend, Hamilton County, Ohio (the "Miami Fort Plant").

2.      "Document" shall mean all documents as defined in Rule 34(a) of the Federal Rules

of Civil Procedure, including, but not limited to, all tangible things including, without limitation,

tape or other forms of audio, visual, or audio/visual recordings, written material, drawings, films,

graphs, charts, photographs, phone records, and any retrievable data, whether in computer

storage, or stored otherwise.  Without limiting the generality of the foregoing, "document"

2

specifically included all contracts, agreements, forms, correspondence, letters, telephone

messages (written or audio recordings), notices, notes, memoranda, records, reports, diaries,

minutes, purchase orders, statements, worksheets, summaries, books, papers, manuals, journals,

ledgers, audits, maps, diagrams, drafts, newspapers, appointment books, desk calendars, notes or

summaries of personal interviews or conversations, messages (including, but not limited to

reports of telephone conversations and conferences), acknowledgments, telexes, facsimiles, all

other written or printed matter or communications of any kind, and all other data compilation

from which information can be obtained and translated, if necessary.  Every draft or non-identical

copy of a document is a separate document as that word is used herein.

   3.   "Relate to" or "relating to" means discussing, describing, referring to, reflecting,

containing, analyzing, studying, reporting on, commenting on, evidencing, comprising,

constituting, setting forth, considering, recommending, concerning, depicting, describing,

alluding, or in any way pertaining to.

   4.   The words "and" and "or" shall be construed conjunctively or disjunctively to make

the request inclusive rather than exclusive.

   5.   Words used in the plural shall also be taken to include the singular.  Words used in

the singular shall also be taken to mean and include the plural.

   6.   "Potts Welding and Boiler Repair" includes, but is not limited to Leighton

Industries, and includes, without limitation, its past and present officers, employees, agents,

servants, representatives, counsel, consultants, contractors, subcontractors or other persons

directly or indirectly employed by it or anyone else, past or present, acting on behalf of or

otherwise subject to the control of it, and any merged, consolidated, or acquired predecessor or

3

successor, parent, subsidiary, division or affiliate.

7.   "Life Extension Project" means and refers to activities planned, considered, or undertaken to optimize or extend the life of a boiler or electricity generating unit or plant. This definition includes, but is not limited to projects or analysis that relate to the replacement, redesign or upgrade of a boiler component; and any and all projects, programs, or proposals designed to (1) extend, expand or optimize unit availability or reliability; (2) assess remaining useful life of boiler units, boiler components and/or electricity generating units; or (3) restore, refurbish or overhaul boiler components ro electricity generating units.

8.   "Life Extension Studies" means and refers to all plans, evaluations, reports and memoranda analyzing, discussing or reflecting construction activities which could be or have been undertaken to optimize or extend the life of a boiler or electricity generating unit. This definition includes studies or determinations pertaining to overhauls or boilers; replacement, redesign or upgrades of major boiler components; and any and all projects, programs, or proposals designed to (1) extend, expand or optimize plant availability or reliability; (2) assess remaining useful life of boiler units, boiler components and/or electricity generating units; or (3) restore or refurbish boiler components or electricity generating units. This definition also includes: plant availability studies or determinations; plant reliability studies or determinations; life optimization studies or determinations; plant restoration studies or determination; life assessment evaluations; plant refurbishment studies or determinations; generating facility evaluations; fossil heat unit evaluation measures; and studies analyzing the need for capital expenditures to extend the useful economic life of a coal-fired boiler, unit, or plant.

4

9.     "Nonattainment NSR" shall refer to Subchapter I, Part D of the Clean Air Act (42 U.S.C. §§ 7501-7515) and its implementing federal, Indiana and Ohio regulations.

10.    "NSPS" shall refer to Section 111, Standards of Performance for New Stationary Sources, of the Clean Air Act (42 U.S.C. § 7411) and the implementing federal regulations.

11.    "PSD" shall refer to Subchapter I, Part C, Prevention of Significant Deterioration of Air Quality of the Clean Air Act (42 U.S.C. §§ 7470 - 7479) and the implementing federal, Indiana and Ohio regulations.

12.    "Indiana SIP Permit Provisions" shall refer to the provisions of the Indiana State Implementation Plan requiring issuance of a construction permit or operating permit as described in paragraphs 55-63 of the Complaint.

13.    "Ohio SIP Permit Provisions" shall refer to the provisions of the Ohio State Implementation Plan requiring issuance of a construction permit or operating permit as described in paragraphs 64-66 of the Complaint.

14.    "Work" shall refer to any engineering, design, construction, installation, fabrication, erection, replacement, maintenance, or repair, no matter how small, of, within or concerning any electricity generating unit at any of the Cinergy Plants.

15.    "You" or "your" means and refers to Potts Welding and Boiler Repair.

16.  "Cinergy Capital Projects" means the following activities:

| Plant | Unit | Description of Modification | Outage Dates (approx.) |
|---|---|---|---|
| W.C. Beckjord | 1 | Boiler Plant Life Extension:<br>(1) replace low temperature superheater<br>(2) replace high temperature superheater, the outlet header, and the crossover tubing;<br>(3) replace reheater section, outlet header, outlet junction header, and the crossover tubing;<br>(4) Add a new high temperature superheat junction header and increase the size and reduce the number of both reheat and superheat crossover tubes.<br>(5) Replace some economizer sidewall tubes<br>(6) Replace portions of the lower furnace front and rear waterwalls, the furnace roof tubes and the furnace corner tubes.<br>(7) Replace 75 cast iron coal pipe elbows with new ceramic lined elbows.<br>(8) Install skin casing on remaining two-thirds of furnace exterior walls, strip existing refractory from the furnace, penthouse, back pass and surrounding ductwork and reinsulate and install new ribbed aluminum lagging. | 11/5/1987-2/19/1988 |
| W.C. Beckjord | 2 | Life Extension<br>(1) the low temperature superheater, high temperature reheater, the superheater crossover tubes, the reheater crossover tubes, the boiler roof tubes, and rear waterwall tubes were replaced;<br>(2) Economizer side wall tubes<br>(3) front and side waterwall tubes, and the portion of the front waterwall at the bend between the top of the hopper slope and the bottom of the vertical portion of the wall were replaced<br>(4) the following headers were replaced:  reheater outlet junction, reheater outlet, high temperature superheater outlet, and low temperature superheater inlet;<br>(5) the superheater attemperator liner was replaced;<br>(6) skin casing for the boiler was installed<br>(7) igniters were replaced<br>(8) modifications to coal bunkers, hoppers and chutes;<br>(9) Induced-draft fan couplings replaced; and<br>(10) boiler controls replaced.<br>In addition,<br>(1) numerous replacements on the turbine-generator including replacing the generator exciter and the windings on both the rotor and stator of the generator;<br>(2) retubing the condenser; and<br>(3) upgrading the demineralizer system. | 11/1986-1/1987 |
| W.C. Beckjord | 3 | Boiler Life Extension (SH outlets, 2ary RH outlet header, primary RH, hoppers, waterwalls and HT headers and turbine refreshment) | 1983-85 |
| W.C. Beckjord | 4 | Replacement of waterwall tubing and top bank of primary superheater | 3/3/1989-6/23/1989 |

6

| Plant | Unit | Description of Modification | Outage Dates (approx.) |
|---|---|---|---|
| W.C. Beckjord | 5 | Retube condenser | 1/11/1991-1/31/1991 |
| W.C. Beckjord | 6 | Retube Condenser | 9/10/1994-11/4/1994 |
| Cayuga | 1 | Replacement of Front RH Pendants | 4/28/1995-6/30/1995 |
| Cayuga | 1 | Replacement of Lower Slope Tubes | 10/29/1996-12/19/1996 |
| Cayuga | 2 | Replacement of Front Reheater Pendants | 10/1/1994-11/5/1994 |
| Gallagher | 1 | Replacement of Radiant Superheater Tubes | 4/26/1992-8/29/1992 |
| Gallagher | 1 | Replacement of High Temperature Superheater Section | 2/25/1994-4/9/1994 |
| Gallagher | 1 | Pulverizer Replacement | 4/1998 - 7/1998 |
| Gallagher | 2 | Replacement of Radiant superheater tubes | 10/23/1992-1/20/1993 |
| Gallagher | 2 | Retubing Condenser with Titanium Tubing | 8/8/1990-12/7/1990 |
| Gallagher | 3 | Pulverizer Replacement | 2/19/1999-4/19/1999 |
| Gibson | 1 | Replacement of Reheater | 4/5/1997-6/2/1997 |
| Gibson | 2 | Replacement of Reheater section | 2/15/2001-5/14/2001 |
| Miami Fort | 5 | Replacement of the boiler slope tubes and lower headers | 1994-95 |
| Miami Fort | 7 | Replacement of the boiler upper water-wall | 1990 |
| Miami Fort | 7 | Replacement of the primary superheater in three phases | 9/21/1990-10/15/1990; 4/25/1992-5/19/1992; 4/6/1995-5/11/1995 |
| Miami Fort | 8 | Replacement of condenser tubes | 1999-01 |
| Wabash River | 2 | Replacement of Front Wall Radiant Superheater Tubes | 6/2/1989-7/14/1989 |
| Wabash River | 2 | Replacement of High Temperature Finishing Superheater and upper reheater assemblies | 3/13/1992-5/1/1992 |
| Wabash River | 2 | Replacement of reheater and superheater outlet sections | 2/14/1997-3/29/1997 |

| Plant | Unit | Description of Modification | Outage Dates (approx.) |
|-------|------|---------------------------|------------------------|
| Wabash River | 3 | Replacement of Finishing Superheater, Intermediate Superheater, Radiant Superheater, and Upper Reheater Tube Bundles | 6/8/1989-9/2/1989 |
| Wabash River | 4 | Replacement of Finishing Superheater Tubes | 4/16/1995-5/22/1995 |
| Wabash River | 4 | Replacement of Superheater and Outlet Reheater Tube Assemblies | 2/23/1996-4/7/1996 |
| Wabash River | 5 | Replacement of Economizer Boiler Tube Hangers & Hanger Rods, Repair of Boiler Structure., Realignment of Steam Headers | 2/20/1990-5/29/1990 |

## DOCUMENT REQUEST

You are requested to produce the following documents by the date and at the location specified in the body of this subpoena:

1.    All photographs and films relating to the Cinergy Capital Projects at the Cinergy Plants.

2.    All documents identifying individuals with managerial, head, lead, or primary responsibilities involving or relating to the engineering, design, planning, oversight, execution, performance, analysis or review of any of the Cinergy Capital Projects at the Cinergy Plants.

3.    All documents relating to any correspondence or other communication with Cinergy Corp., Cinergy Services, Inc., PSI Energy, Inc., and/or The Cincinnati Gas & Electric Company relating in any way to (a) any Life Extension Projects or Life Extension Studies relating to the Cinergy Plants or (b) the expected useful life of the coal-fired electric generating units at the Cinergy Plants.

4.    All documents relating to analyses of the life expectancy of the coal-fired electric generating units at the Cinergy Plants.

8

5.      All documents relating to communications (oral or written) between you and Cinergy Corp., Cinergy Services, Inc., PSI Energy, Inc., and/or The Cincinnati Gas & Electric Company concerning the NSPS, Non-attainment NSR or PSD requirements.

6.      All documents received from, sent to, or otherwise relating to the Utility Air Regulatory Group ("UARG.") including any committees, subcommittees, ad hoc committees, or other organizational groups within UARG.

7.      All documents received from, sent to, or otherwise relating to the Ohio Electric Utility Institute ("OEUI") including any committees, subcommittees, ad hoc committees, or other organizational groups within OEUI.

8.      All documents received from, sent to, or otherwise relating to the Edison Electric Institute ("EEI") including any committees, subcommittees, ad hoc committees, or other organizational groups within EEI.

9.      All documents received from, sent to, or otherwise relating to the Electric Power Research Institute ("EPRI") including any committees, subcommittees, ad hoc committees, or other organizational groups within EPRI.

10.     All documents in your possession, including but not limited to studies, analyses, position papers, or discussion papers, that concern, relate to, or refer to the following:

       a.      what EPA considers to be "routine maintenance, repair or replacement" activities or projects in the electric utility industry;

       b.      what the electric utility industry considers to be "routine maintenance, repair or replacement" activities or projects in the electric utility industry; and/or

       c.      what Potts Welding and Boiler Repair considers to be "routine maintenance, repair or replacement" activities or projects in the electric

9

utility industry.

11.     All documents in your possession discussing, describing, referring to or relating to whether or not any boiler component replacement projects constitute "routine maintenance, repair or replacement."

12.     All documents in your possession that refer to or discuss the expected life or the useful life of a boiler component or of a coal-fired boiler.

13.     All documents or publications in your possession that refer or relate to whether a boiler component or turbine component replacement project should be budgeted and paid for as a capital expenditure or a maintenance expenditure.

14.     All documents or publications in your possession that contain the term "life extension" or that mention or discuss life extension strategies, or strategies or projects undertaken to maintain, optimize, or extend the life of an electricity generating power plant and/or its boilers–including, but not limited to, boiler overhauls, component replacements, and component upgrades.

15.     All written communications and documents sent to or received from an electricity generating power plant that mention or discuss any of the following topics:

        a.     projects undertaken to maintain, optimize, ore extend the life of an electricity generating power plant and/or its boilers, including but not limited to boiler overhauls, component replacements, and component upgrades;

        b.     documents that contain the term "routine" in reference to maintenance, repair, or replacement of power plant equipment and components;

        c.     documents that contain the term "life extension";

        d.     the meaning, interpretation, or application of the routine maintenance,

10

repair and replacement provisions of 40 C.F.R. Part 52, subpart A, and similar provisions in state implementation plans--including, but not limited to, interpretations by EPA, states, and utilities;

e.     the meaning, interpretation, or application of the routine maintenance, repair and replacement provisions in 40 C.F.R. § 60.14, including but not limited to interpretations by EPA and utilities;

f.     *Wisconsin Electric Power Company v. Reilly*, 893 F.2d 901 (7th Cir. 1990) and the administrative determinations that were the subject of that case;

g.     obtaining determinations from EPA or a state concerning the applicability of federal regulations promulgated in 40 C.F.R. Part 52, state regulations promulgated as part of a state implementation plan, or federal regulations promulgated in 40 C.F.R. Part 60;

h.     all documents that use the term "WEPCO."

11

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| STATE OF NEW YORK, | ) | |
| STATE OF NEW JERSEY, | ) | |
| STATE OF CONNECTICUT, | ) | |
| HOOSIER ENVIRONMENTAL COUNCIL, | ) | |
| and | ) | |
| OHIO ENVIRONMENTAL COUNCIL, | ) | |
|     Plaintiff-Intervenors, | ) | |
| | ) | |
|     v. | ) | Civil Action No. IP99-1693 C-M/S |
| | ) | |
| CINERGY CORP., | ) | |
| CINERGY SERVICES, INC. | ) | |
| PSI ENERGY, INC., and | ) | |
| THE CINCINNATI GAS & ELECTRIC | ) | |
| COMPANY, | ) | |
|     Defendants. | ) | |

### NOTICE OF SERVICE OF SUBPOENAS DUCES TECUM

To: Counsel for Defendants

       PLEASE TAKE NOTICE that pursuant to Rule 45 of the Federal Rules of Civil Procedure,

Plaintiffs have served the attached subpoenas duces tecum upon the entities listed below, requiring

them to produce the documents listed on Attachment A of the subpoenas, on or before July 5, 2005.

Entities:

R.E. Kramig & Company, Inc.
323 South Wayne Avenue
Cincinnati, OH 45215

Blount Internatioal
4909 Southeast International Way
Portland, OR 97222-4629

Sargent & Lundy Engineering
55 East Monroe Street
Chicago, IL 60603

Enerfab, Inc.
4995 Spring Grove Avenue
Cincinnati, OH 45232

Potts Welding and Boiler Repair
1901 Ogletown Road
Newark, DE 19711

Holtec International
555 West Lincoln Drive
Marlton, NJ 08053

Challenger Piping, Inc.
7 East 4th Street
Newport, KY 41071

Foster Wheeler Energy Corporation
Perryville Corporate Park
Clinton, NJ 08809

Gilbert/Commonwealth, Inc.
5 Greenway Plaza
Houston, TX 77046

McIntyre Brothers, Inc.
1020 7th Street
Bedford, IN 47421

Bechtel Coporation
50 Beale Street
San Francisco, CA 94105

Aptech Engineering, Inc.
1253 Reamwood Avenue
Sunnyvale, CA 94089

Siemens Westinghouse Power Corporation
4400 Alafaya Trail
Orlando, FL 32826

Sterling Boiler & Mechanical, Inc.
1420 Kimber Lane
Evansville, IN 47715-4025

Turbine Consultants, LLC
420 IDS Center
80 South 8th Street
Minneapolis, MN 55402

Dated: June 8, 2005

KELLY JOHNSTON
Acting Assistant Attorney General
Environment and Natural Resources Division

By:     /s/ Jeffrey K. Sands
SARAH D. HIMMELHOCH
JEFFREY K. SANDS
LARRY MARTIN CORCORAN
DEBORAH N. BEHLES
Attorneys
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044
(202) 514-3908
jeffrey.sands@usdoj.gov

SUSAN W. BROOKS
United States Attorney
Southern District of Indiana

THOMAS E. KIEPER
Assistant United States Attorney
Southern District of Indiana
10 West Market Street, Suite 2100
Indianapolis, IN 46204-3048

ELIOT SPITZER
ATTORNEY GENERAL
OF THE STATE OF NEW YORK

GENE KELLY
MICHAEL J. MYERS
ROBERT ROSENTHAL
Assistant Attorneys General
The Capitol
Albany, NY 12224
(518) 474-8480

PETER C. HARVEY
ATTORNEY GENERAL
OF THE STATE OF NEW JERSEY

JEAN REILLY
MAURICE GRIFFIN
Deputy Attorneys General
Richard J. Hughes Justice Complex
25 Market Street, P.O. Box 093
Trenton, New Jersey 08625-4503
(609) 984-2845

RICHARD BLUMENTHAL
ATTORNEY GENERAL
OF THE STATE OF CONNECTICUT

CARMEL MOTHERWAY
Assistant Attorney General
55 Elm Street
P.O. Box 120
Hartford, Connecticut 06141-0120
(860) 808-5101

HOOSIER ENVIRONMENTAL COUNCIL
OHIO ENVIRONMENTAL COUNCIL

ANN R. JOHNSTON
ALAN BIRNBAUM
65 Bow Street
Lexington, MA 02420
(781) 862-5411

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Notice of Service of Subpoenas was served this 8th day of June, 2005 on the following counsel of record by electronic mail.

FOR THE DEFENDANTS:

Julie L. Ezell
Cinergy Services, Inc.
1000 East Main Street
Plainfield, IN 46168-1782
julie.ezell@cinergy.com

James A. King
Scott E. North
Porter, Wright, Morris & Arthur, LLP
41 South High Street
Columbus, Ohio 43215-6194
snorth@porterwright.com
jking@porterwright.com

David T. Buente
Samuel B. Boxerman
Kathryn B. Thomson
Thomas Charles Green
Sidley, Austin, Brown & Wood, LLP
1501 K Street, N.W.
Washington, D.C. 20005
dbuente@sidley.com
sboxerman@sidley.com
kthomson@sidley.com
tcgreen@sidley.com

Scott R. Alexander
Robert R. Clark
Debra McVicker Lynch
John D. Papageorge
Sommer Barnard Attorneys, PC
One Indiana Square, Suite 3500
Indianapolis, IN 46204
salexander@sbalawyers.com
rclark@sbalawyers.com
dlynch@sbalawyers.com
jpapageorge@sbalawyers.com

FOR PLAINTIFF,
UNITED STATES OF AMERICA:

Gaylene Vasaturo
Thomas Williams
Ignacio Arrazola
Charles Mikalian
Assistant Regional Counsel
U.S. Environmental Protection Agency
Region V

FOR PLAINTIFFS-INTERVENORS :

Keith Guthrie
13242 South 600 East
Elizabethtown, Indiana 47232
kgmail@comcast.net

77 West Jackson Blvd.
Chicago, Illinois 60604-35901
vasaturo.gaylene@epa.gov
williams.tom@epa.gov
arrazola.ignacio@epa.gov
mikalian.charles@epa.gov

FOR PLAINTIFF-INTERVENOR,
THE STATE OF NEW YORK:

J. Jared Snyder
Gene Kelly
Michael J. Myers
Robert Rosenthal
Assistant Attorneys General
The Capitol
Albany, New York 12224-0341
epaejk@oag.state.ny.us
jared.snyder@oag.state.ny.us
robert.rosenthal@oag.state.ny.us

FOR PLAINTIFF-INTERVENOR,
THE STATE OF NEW JERSEY:

Jean Reilly
Maurice Griffin
Deputy Attorney General
New Jersey Division of Law
R.J. Hughes Justice Complex, 25 Market St.
P.O. Box 093
Trenton, New Jersey 08625
jean.reilly@law.dol.lps.state.nj.us
maurice.griffin@dol.lps.state.nj.us

FOR PLAINTIFF-INTERVENOR, THE STATE OF CONNECTICUT:

Carmel Motherway
Steven Vitelli
Assistant Attorneys General
55 Elm Street
P.O. Box 120
Hartford, Connecticut 06141-0120
carmel.motherway@po.state.ct.us
steven.vitelli@po.state.ct.us

FOR PLAINTIFFS-INTERVENORS HOOSIER
ENVIRONMENTAL COUNCIL AND OHIO
ENVIRONMENTAL COUNCIL:

Ann Johnston
Alan Birnbaum
65 Bow Street
Lexington, MA 02420
abirnbaum@catf.us
annrjohnston@aol.com

I hereby further certify that a true and correct copy of the foregoing Notice of Service of Subpoenas was served this 8th day of June, 2005 on the following third parties by overnight mail:

R.E. Kramig & Company, Inc.
323 South Wayne Avenue
Cincinnati, OH 45215

Blount Internatioal
4909 Southeast International Way
Portland, OR 97222-4629

Potts Welding and Boiler Repair
1901 Ogletown Road
Newark, DE 19711

Challenger Piping, Inc.
7 East 4th Street
Newport, KY 41071

Gilbert/Commonwealth, Inc.
5 Greenway Plaza
Houston, TX 77046

Bechtel Coporation
50 Beale Street
San Francisco, CA 94105

Siemens Westinghouse Power Corporation
4400 Alafaya Trail
Orlando, FL 32826

Turbine Consultants, LLC
420 IDS Center
80 South 8th Street
Minneapolis, MN 55402

Sargent & Lundy Engineering
55 East Monroe Street
Chicago, IL 60603

Enerfab, Inc.
4995 Spring Grove Avenue
Cincinnati, OH 45232

Holtec International
555 West Lincoln Drive
Marlton, NJ 08053

Foster Wheeler Energy Corporation
Perryville Corporate Park
Clinton, NJ 08809

McIntyre Brothers, Inc.
1020 7th Street
Bedford, IN 47421

Aptech Engineering, Inc.
1253 Reamwood Avenue
Sunnyvale, CA 94089

Sterling Boiler & Mechanical, Inc.
1420 Kimber Lane
Evansville, IN 47715-4025

_/s/ Jeffrey K. Sands_____